STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-83

G & G ASSOCIATES,

    Plaintiff/Appellee

v.

JOHN AMES and MARY AMES,

    Defendants/Appellants

SEP 4 2003

**DECISION ON APPEAL**

This matter comes before the court on appeal of the District Court's judgment for the plaintiff in this forcible entry and detainer action. The District Court judgment was entered after hearing on November 26, 2002. No transcript of that hearing has been provided and therefore the record on appeal is limited to the pleadings and judgment in the District Court.

Appeal from the District Court to the Superior Court on forcible entry and detainer matters is governed by 14 M.R.S.A. § 6008. Since the appellants did not request a de novo jury trial, review on appeal will be limited to question of law. The appellants did not request more detailed findings of fact or conclusions of law from the District Court, therefore this court is left with only the findings written on the judgment. Those findings read, "Court finds defendants have not signed the mobile home park lease agreement, have not paid entrance fee and have not complied with park rules." After reviewing the applicable statutory law in light of the court's findings, this court finds no error of law in the District Court's judgment for the plaintiff.

### Background

Although the record in this matter is limited to the pleadings in the District Court, the background for the forcible entry and detainer action appears to be the

following. In the summer of 2002, a certain mobile home was located on lot 3 in the Lou-Lyn Mobile Home Park in Monmouth. The plaintiff owns the mobile home park and leases the lots to the mobile home owners. At some point, title to the mobile home parked on lot 3 passed from the previous owner to one or both of the defendants. At some time around the transfer of title, the plaintiff approached the defendants with a proposed new lease agreement to cover rental of lot 3. For whatever reason, the defendants objected to certain aspects of the lease, including payment of an entrance fee, and the lease was never executed. When the defendants' mobile home park continued to occupy lot 3 without a lease, the plaintiff filed the forcible entry and detainer action to evict the mobile home from that land.

## Discussion

There can be no question on the merits that the District Court was correct in awarding judgment to the plaintiff. The plaintiff's ownership of the mobile home park is not questioned and the District Court's finding that there was no lease entered for lot 3 means that the defendants have no claim to possession of the property which is superior to that of the plaintiff.[1] The defendants do not contest right of possession, but instead argue that the District Court used the wrong statute.

The defendants' legal argument appears to come from a misreading of the statute. The defendants start from the general entry and detainer remedy which is available "against mobile home owners and tenants pursuant to Title 10 c. 951, subchapter VI." 14 M.R.S.A. § 6001. The reference to Title 10 is to the subchapter titled, "Mobile Home Parks," which deals generally with licensing of these parks. The only

---

[1] Problems surrounding the sale of mobile homes which are physically located within a mobile home park must not be uncommon. The Legislature has provided that if the buyer of the mobile home is told that the mobile home may remain in the park but the buyer is then not permitted to keep the home there or is not accepted as a tenant, the buyer has a right to rescind the purchase contract within 30 days of execution. 10 M.R.S.A. § 9094(3).

2

specific reference to evictions in this chapter and subchapter is contained in section 9090, in which municipalities are granted the right to evict the inhabitants of a mobile home park under certain limited circumstances. The defendants read this municipal eviction authority as meaning only municipalities can bring eviction actions. This clearly could not have been the Legislature's intent.

The proper analysis begins with 10 M.R.S.A. § 9097-B which states, "Process of forcible entry and detainer pursuant to Title 14, c. 709 must be used in mobile home evictions." Title 14, chapter 709 begins with section 6001 and proceeds to specify the procedure for bringing and deciding a forcible entry and detainer action. The District Court properly followed these procedures and the court's unchallenged findings result in the conclusion that the plaintiff has a superior claim of possession of the mobile home park lot and is entitled to judgment and the writ of possession. The District Court committed no error of law.

For the reasons stated above, the entry will be:

Appeal DENIED. REMANDED for the issuance of writ of possession.

Dated: 8/4/03

S. Kirk Studstrup
Justice, Superior Court

3

Date Filed ___12/6/02___  ___Kennebec___  Docket No. ___AP02-83___
                                    County

Action ___Appeal from District Court___
                    FED

# J. STUDSTRUP

___G & G Associates___  vs.  ___John & Mary Ames___

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Paul C. Fournier, Esq.<br>54 Pine Street<br>P.O. Box 1229<br>Lewiston, Maine  04243 | John & Mary Ames, Pro Se<br>ⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩ<br>ⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩ PO BOX 289<br>ⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩⅩ E. WINTHROP<br>04343 |

| Date of Entry | |
|---|---|
| 12/6/02 | Appeal from Southern Kennebec District Court with all papers, filed. |
| 12/13/02 | Letter requesting a Writ of Possession with fee paid, filed. s/Fournier, Esq |
| 12/20/02 | Brief filed, filed. s/Ames, Pro Se<br>Affidavit of Service, filed. s/Ames, Pro Se |
| 12/27/02 | Motion to Dismiss Appeal and to Issue Writ of Possession with Memorandum of Law, filed. s/Fournier, Esq.<br>Request for Hearing, filed. s/Fournier, Esq.<br>Proposed Order, filed. |
| 1/2/03 | Motion to Stay Issuance of Writ of Possession, filed. s/Ames, Pro Se |
| 1/3/03 | Answer to Motion to Dismiss and Issue Writ of Possession with Memorandum of Law Dated 12/26/02, filed. s/John & Mary Ames, Pro Se |
| 1/7/03 | Appellee's Brief, filed.  s/P. Fournier, Esq.  (filed 1/6/03) |
| 1/10/03 | Reply Brief, filed. s/Ames. |
| ------- | Notice of setting of oral arguments/motions on 2/5/03 at 1:00 p.m. mailed to atty and Dft. |
| 2/7/03 | Hearing had on Motion to Dismiss and Issue Writ of Possession, Studstrup,J. Tape #640 #5838-7152.<br>Paul Fournier, Esq. and John/Mary Ames present.  Oral Arguments made to the court.  Court to issue order.<br><br>ORDER ON MOTION TO DISMISS APPEAL AND ISSUE WRIT OF POSSESSION, Studstrup, J.<br>It is ordered that a stay of issuance of the Writ of Possession be entered on condition that Defendants pay to the Clerk of this Court $165.00 per month beginning on or before the first day of each month, beginning with January, 2003, while Defendants' appeal remains pending before this Court, Such funds are to be disbursed as the Court may order.  The clerk is authorized to issue a Writ of Possession to Plaintiff upon Defendants' failure to make any of the payments provided for herein.<br>Copies mailed to atty and Pro Se Dfts. |